| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____  Chapter **11**

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Katerra Inc.** |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**N/A**

3. **Debtor's federal Employer Identification Number** (EIN) **47-2918559**

4. **Debtor's address**

**Principal place of business**

**9305 East Via de Ventura**
Number        Street

**Scottsdale,**        **Arizona**    **85258**
City                        State        Zip Code

**Maricopa County**
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                        State        Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                        State        Zip Code

5. **Debtor's website** (URL) **www.katerra.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Katerra Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

**A.** *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**236116 - New Multifamily Housing Construction (except For-Sale Builders)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | When | | Case number | |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| | District | When | | Case number | |
| | | | MM/DD/YYYY | | |

| Debtor | **Katerra Inc.** | | | Case number *(if known)* | |
|---|---|---|---|---|---|
| | Name | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | | Relationship | **Affiliate** | |
| List all cases. If more than 1, attach a separate list. | | District | **Southern District of Texas** | | When | **06/06/2021**<br>MM / DD / YYYY | |
| | | Case number, if known | | | | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | | | |
|---|---|---|---|
| | Number | Street | |
| | City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds (on a consolidated basis)**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☒ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | **Katerra Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/06/2021___
MM/ DD / YYYY

**✗** ___/s/ Marc Liebman___      ___Marc Liebman___
Signature of authorized representative of debtor      Printed name

Title   __Chief Transformation Officer__

**18. Signature of attorney**

**✗** ___/s/ Matthew D. Cavenaugh___    Date   ___06/06/2021___
Signature of attorney for debtor      MM/DD/YYYY

__Matthew D. Cavenaugh__
Printed name

__Jackson Walker LLP__
Firm name

__1401 McKinney St., Suite 1900__
Number      Street

__Houston__      __Texas__      __77010__
City      State      ZIP Code

__(713) 752-4200__      __mcavenaugh@jw.com__
Contact phone      Email address

__24062656__      __Texas__
Bar number      State

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____     Chapter     **11**

□ Check if this is an
amended filing

<u>**Rider 1**</u>
<u>**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Katerra Inc.

1.  Katerra Inc.
2.  Katerra Inc. (Cayman)
3.  AlgoSquare Inc.
4.  Apollo Technologies, Inc.
5.  Bristlecone 28th Ave, LLC
6.  Bristlecone Residential, LLC
7.  CAPGro Construction Management, LLC
8.  Construction Assurance Ltd.
9.  Dangoo Electronics (USA) Co., Ltd.
10. Edge @ LoHi, LLC
11. Hillsboro 1 Project MM LLC
12. Hillsboro 1 Project LLC
13. Hillsboro 2 Project MM LLC
14. Hillsboro 2 Project LLC
15. Katerra Affordable Housing LLC
16. Katerra Architecture LLC
17. Katerra Construction LLC
18. Katerra Engineering LLC
19. Katerra Pearson Ranch Investment LLC
20. Katerra Pegasus RiNo Investment LLC
21. Katerra RO2 Knipe Village Investment LLC
22. Katerra XSC Houston Investment LLC
23. Kirkland 1 Project MM LLC
24. Kirkland 1 Project LLC
25. Kirkland 2 Project MM LLC
26. Kirkland 2 Project LLC
27. Lord, Aeck & Sargent, Inc.
28. Perimeter Building Services LLC
29. Roots Software, LLC
30. Skyview Concrete, LLC
31. UEB Builders, Inc.
32. Valpico Glenbriar Apartments LLC
33. WM Aviation, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KATERRA INC., | ) | Case No. 21-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Katerra Inc. | Katerra Inc. (Cayman) | 9305 East Via de Ventura Scottsdale, Arizona 85258 | 100% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| KATERRA INC., | Case No. 21-_____ (____) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Katerra Inc. (Cayman) | 100% |

---

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Katerra Inc.** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other documents that require a declaration_____ **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/06/2021** | ☒ */s/ Marc Liebman* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Marc Liebman** |
| | Printed name |
| | **Chief Transformation Officer** |
| | Position or relationship to debtor |

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

## <u>OMNIBUS RESOLUTIONS OF THE BOARD</u>

June 6, 2021

The board of managers, board of directors, sole member, managers, general partner, or managing member, as applicable (the "<u>Board</u>") of each of the entities listed on **<u>Exhibit A</u>** hereto (collectively, the "<u>Company</u>"), having considered the filing of voluntary petitions for relief under the provisions of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "<u>Bankruptcy Code</u>") for the Company and, if applicable, local proceedings for the Company pursuant to applicable law and in accordance with the requirements of the Company's governing documents and applicable law (the "<u>Restructuring Matters</u>"), has reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to the Company, and therefore be it **RESOLVED THAT**:

1. **VOLUNTARY PETITIONS FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

   A. In the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "<u>Bankruptcy Petitions</u>") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or such other court of competent jurisdiction (the "<u>Bankruptcy Court</u>") for the Company and any of its subsidiaries, any applicable foreign ancillary proceedings for the Company and, in accordance with the requirements of the Company's governing documents and applicable law, the Board hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions and foreign ancillary proceedings, if any; and

   B. Any partner, director, manager, or other duly appointed officer of the Company (collectively, the "<u>Authorized Persons</u>") is hereby authorized and appointed to act as signatory and attorney on behalf of the Company in respect of the Restructuring Matters and/or any person to whom such Authorized Persons and/or officers delegate certain responsibilities is hereby authorized to execute (under the common seal of the Company, if appropriate) and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or any of its subsidiaries.

2. **RETENTION OF PROFESSIONALS**

   A. Each of the Authorized Persons is hereby authorized, empowered, and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm

of Jackson Walker LLP as co-bankruptcy counsel; (iii) Houlihan Lokey Capital, Inc. as investment banker; (iv) Alvarez & Marsal North America, LLC as financial and restructuring advisor; (v) Prime Clerk LLC as claims and noticing agent; and (vi) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

B. Each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

## 3. DEBTOR-IN-POSSESSION FINANCING

A. In the judgment of the special committee comprised of independent directors of the Board of Katerra Inc. (Cayman) (the "Special Committee") and the Board of each of the other entities listed on **Exhibit A** hereto:

(a)     It is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits of the incurrence of debtor-in-possession financing obligations (the "DIP Financing") to be documented in proposed interim and final orders (respectively, the "Interim DIP Order" and the "Final DIP Order" and together, the "DIP Orders") to be submitted for approval of the Bankruptcy Court;

(b)     The form, terms, and provisions of the DIP Orders to which the Company is or will be subject, as applicable, and the actions and transactions contemplated thereby are authorized, adopted, and approved, and to the extent applicable, the Authorized Persons are hereby authorized, directed, and empowered, in the name of, and on behalf of, the Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Orders, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction contemplated by the DIP Orders to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as any of

the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof;

(c)  To the extent applicable to the Company, the Authorized Persons are hereby authorized, directed, and empowered in the name of, and on behalf of, the Company to undertake any and all transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

(d)  To the extent applicable, the Authorized Persons are hereby authorized, directed, and empowered in the name of, and on behalf of, the Company to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the DIP Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other related documentation, including, without limitation, any amendments to any DIP Documents; (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the lender under the DIP Financing (the "DIP Lender"); and (iii)  such forms of account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents (the documents described in (i) through (iii) of this paragraph, collectively, the "DIP Financing Documents");

(e)  To the extent applicable, the Authorized Persons are hereby authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and/or any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted pursuant to the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other descriptions of similar import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Orders; and

(f)  To the extent applicable, the Authorized Persons are hereby authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with any of the DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

4. **DE MINIMIS ASSET SALES**

   A. In the judgment of each applicable Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company or its applicable affiliate or subsidiary enter into and consummate the respective sales of the Lord Aeck Sargent and Renovations business lines (collectively, the "Sale Transactions"), subject in each case to approval by the Bankruptcy Court.

   B. The Sale Transactions and the respective form, terms, and provisions of the agreements to which the applicable seller-entity is or will be subject, as applicable, and the actions and transactions contemplated thereby are authorized, adopted, and approved by the applicable Board, subject in each case to approval of the respective Sale Transaction by the Bankruptcy Court, and to the extent applicable, the Authorized Persons are hereby authorized, directed, and empowered, in the name of, and on behalf of, the Company and each applicable seller-entity to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of all agreements, and such other certificates, instruments, receipts, petitions, motions, or other papers or documents necessary or desirable to consummate the Sale Transactions, in each case, consistent with or substantially consistent with the terms presented to the Board, with such changes, additions, and modifications thereto as any of the Authorized Persons shall approve, such approval to be conclusively evidenced by his or her execution and delivery of the documentation related thereto.

5. **FURTHER ACTIONS AND PRIOR ACTIONS**

   A. The Board hereby authorizes any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, or managing member, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

   B. In addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, are hereby authorized to execute (under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company relating to the Restructuring Matters;

   C. Each of the Authorized Persons (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons'

4

absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

D. The Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

E. All acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board; and

F. Any Authorized Person is hereby authorized to perform all other acts, deeds, and other actions as the Company itself may perform, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

[Signature pages follow]

5

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

Name: Madhav Dhar
Title: Director


Name: Harvey Tepner
Title: Director


Name: Pamela Corrie
Title: Director

BEING ALL THE DIRECTORS OF
KATERRA INC. (CAYMAN)

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Name: Madhav Dhar
Title:  Director

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Name: Harvey Tepner
Title:  Director

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Name: Pamela Corrie
Title:  Director

BEING ALL THE DIRECTORS OF
KATERRA INC. (CAYMAN)

Signature Page to
Omnibus Consent

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

Name: Madhav Dhar
Title:   Director


Name: Harvey Tepner
Title:   Director


Name: Pamela Corrie
Title:   Director

BEING ALL THE DIRECTORS OF
KATERRA INC. (CAYMAN)

Signature Page to
Omnibus Consent

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Pamela Corrie

_____
Harvey Tepner

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED BELOW:

KATERRA INC.
DANGOO ELECTRONICS (USA) CO., LTD.
ALGOSQUARE INC.
UEB BUILDERS, INC.
LORD, AECK & SARGENT, INC.
CONSTRUCTION ASSURANCE, LTD.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Pamela Corrie

_____
Harvey Tepner

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED BELOW:

KATERRA INC.
DANGOO ELECTRONICS (USA) CO., LTD.
ALGOSQUARE INC.
UEB BUILDERS, INC.
LORD, AECK & SARGENT, INC.
CONSTRUCTION ASSURANCE, LTD.

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_Pamela Corrie_
Pamela Corrie

_____
Harvey Tepner

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF EACH COMPANY LISTED BELOW:

KATERRA CONSTRUCTION LLC
KATERRA AFFORDABLE HOUSING LLC
CAPGRO CONSTRUCTION MANAGEMENT, LLC
KATERRA RO2 KNIPE VILLAGE INVESTMENT LLC
KATERRA PEARSON RANCH INVESTMENT LLC
KATERRA PEGASUS RINO INVESTMENT LLC
KIRKLAND 1 PROJECT LLC
KIRKLAND 2 PROJECT LLC
HILLSBORO 1 PROJECT LLC
KATERRA XSC HOUSTON INVESTMENTS LLC
HILLSBORO 2 PROJECT LLC
HILLSBORO 1 PROJECT MM LLC
HILLSBORO 2 PROJECT MM LLC
KIRKLAND 1 PROJECT MM LLC
KIRKLAND 2 PROJECT MM LLC
KATERRA ENGINEERING LLC

Signature Page to
Omnibus Consent

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

_____
Pamela Corrie

_____
Harvey Tepher

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF EACH COMPANY LISTED BELOW:

KATERRA CONSTRUCTION LLC
KATERRA AFFORDABLE HOUSING LLC
CAPGRO CONSTRUCTION MANAGEMENT, LLC
KATERRA RO2 KNIPE VILLAGE INVESTMENT LLC
KATERRA PEARSON RANCH INVESTMENT LLC
KATERRA PEGASUS RINO INVESTMENT LLC
KIRKLAND 1 PROJECT LLC
KIRKLAND 2 PROJECT LLC
HILLSBORO 1 PROJECT LLC
KATERRA XSC HOUSTON INVESTMENTS LLC
HILLSBORO 2 PROJECT LLC
HILLSBORO 1 PROJECT MM LLC
HILLSBORO 2 PROJECT MM LLC
KIRKLAND 1 PROJECT MM LLC
KIRKLAND 2 PROJECT MM LLC
KATERRA ENGINEERING LLC

IN WITNESS WHEREOF, the undersigned has executed this consent as of the date first written above.

PERIMETER BUILDING SERVICES LLC

BY: KATERRA CONSTRUCTION LLC, as its sole Member

Marc Liebman
Its: Chief Transformation Officer

Signature Page to
Omnibus Consent

EXHIBIT A

**Filing Entities**

Katerra Inc. (Cayman)

AlgoSquare Inc.

Apollo Technologies, Inc.

Bristlecone 28th Ave, LLC

Bristlecone Residential, LLC

CAPGro Construction Management, LLC

Construction Assurance Ltd.

Dangoo Electronics (USA) Co., Ltd.

Edge @ LoHi, LLC

Hillsboro 1 Project LLC

Hillsboro 1 Project MM LLC

Hillsboro 2 Project LLC

Hillsboro 2 Project MM LLC

Katerra Affordable Housing LLC

Katerra Architecture LLC

Katerra Construction LLC

Katerra Engineering LLC

Katerra Inc. (Delaware)

Katerra Pearson Ranch Investment LLC

Katerra Pegasus RiNo Investment LLC

Katerra RO2 Knipe Village Investment LLC

Katerra XSC Houston Investment LLC

Kirkland 1 Project LLC

Kirkland 1 Project MM LLC

Kirkland 2 Project LLC

Kirkland 2 Project MM LLC

Lord, Aeck & Sargent, Inc.

Perimeter Building Services LLC

Roots Software, LLC

Skyview Concrete LLC

UEB Builders, Inc.

Valpico Glenbriar Apartments LLC

WM Aviation, LLC