ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS OF
KATERRA INC.

March 28, 2017

1. **Series C Preferred Share Financing; Amended and Restated Memorandum and Articles of Association.**

   WHEREAS, it is in the best interests of the Katerra Inc., an exempted company incorporated with limited liability in the Cayman Islands (the "*Company*"), and its shareholders for the Company to raise up to approximately US$160,000,000 of additional working capital through the sale and issuance to certain qualified investors (the "*Investors*") of up to 4,324,320 newly-created Series C Preferred Shares (the "*Series C Preferred Shares*") at a purchase price of US$37.00 per share (the "*Purchase Price*"), on substantially the terms agreed to by the Company and the Investors (such sale and issuance of Series C Preferred Shares being hereinafter referred to as the "*Financing*");

   WHEREAS, to permit the Company to consummate the Financing, it is necessary and in the best interests of the Company and its shareholders to amend and restate the Company's current Memorandum and Articles of Association (the "*Existing Articles*"), to read in full in substantially the form of the Amended and Restated Memorandum and Articles of Association attached as Exhibit B hereto (the "*Restated Articles*"), to authorize the issuance of the Series C Preferred Shares (and to create the rights, preferences and privileges thereof) and to make such other amendments to the Existing Articles as are necessary to consummate the Financing; and

   WHEREAS, in connection with the adoption of the Restated Articles, the directors of the Company have reviewed the form of notice and other meeting materials (including a form of proxy) (the "*Notice*") in respect of an extraordinary general meeting (the "*EGM*").

   NOW, THEREFORE, BE IT RESOLVED, that the Board deems it advisable and in the best interests of the Company and its shareholders to amend and restate the Existing Articles to authorize the issuance of the Series C Preferred Shares (and to create the rights, preferences and privileges thereof) and to make such other amendments to the Existing Articles as are necessary to consummate the Financing;

   RESOLVED FURTHER, that the EGM be convened in accordance with the Existing Articles;

   RESOLVED FURTHER, that, in accordance with Article 5.3 of the Existing

Articles, the record date for the EGM shall be the date on which notice of the EGM is sent (the "**Record Date**");

RESOLVED FURTHER, that Susan Kim shall act as chairman of the EGM;

RESOLVED FURTHER, that any Authorized Person be authorized to finalize the form and terms of the Notice on behalf of the Company and that any Authorized Person be authorized to execute and circulate the Notice on behalf of the Board in accordance with the provisions of the Existing Articles to:

(i) every person shown as a member in the Register of Members of the Company as at the Record Date for the EGM except that in the case of joint holders the notice shall be sufficient if given to the joint holder first named in the Register of Members of the Company; and

(ii) every person upon whom the ownership of a share devolves by reason of his being a legal personal representative or a trustee in bankruptcy of a member of record where the member of record but for his or her death or bankruptcy would be entitled to receive notice of the EGM.

RESOLVED FURTHER, that any Authorized Person, each of them with full authority to act without the others, are hereby authorized to solicit the approval and consent of the Company's shareholders for the adoption and approval of the Restated Articles;

RESOLVED FURTHER, that subject to obtaining the required approval of the Company's shareholders, the Company's Existing Articles shall be amended and restated to read in full in substantially the form of the Restated Articles which the Board hereby declares to be advisable and in the best interests of the Company;

RESOLVED FURTHER, that upon the required consent and approval of the shareholders of the Company for the adoption of the Restated Articles, Maples Corporate Services Limited is hereby authorized to file the Restated Articles with the Registrar of Companies in the Cayman Islands, together with any changes therein required by applicable law;

RESOLVED FURTHER, that the Company's Board of Directors (the "**Board**") hereby approves the Financing;

RESOLVED FURTHER that the directors of the Company and the officers of the Company (each, an "**Authorized Person**"), and each of them with full authority to act without the others, are hereby authorized, in the name of and on behalf of the Company, to execute and deliver, and to cause the Company to enter into, and perform all its obligations under, that certain Series C Preferred Share Purchase Agreement in substantially the form attached hereto as Exhibit A (the "**Purchase Agreement**"), by and among the Company and the Investors, and that certain Investors' Rights Agreement (the "**Rights Agreement**"), that certain Right of First Offer, Right of First Refusal and Co-Sale Agreement (the "**Co-Sale Agreement**"),

that certain Voting Agreement (the "***Voting Agreement***") and those certain Management Rights Letter Agreements in substantially the forms attached hereto as <u>Exhibit E</u> (the "***Management Rights Letters***," and collectively with the Rights Agreement and the Co-Sale Agreement and the Voting Agreement, each in substantially the form attached to the Purchase Agreement, the "***Related Agreements***"), by and among the Company and the Investors and certain other shareholders of the Company under the terms of the Purchase Agreement, together with such changes therein and to the schedules and exhibits thereto as any Authorized Person may in his or her discretion approve (such approval being conclusively evidenced by such Authorized Person's execution thereof);

RESOLVED FURTHER, that, subject to compliance with applicable securities laws and upon the shareholders' approval of the Restated Articles, the Company shall offer, sell, and issue up to 4,324,320 Series C Preferred Shares to Investors at the Purchase Price or as otherwise set forth in the Purchase Agreement, and on substantially the terms and conditions set forth in the Purchase Agreement, pursuant to a private offering exemption from the registration requirements of the United States Securities Act of 1933, as amended, and other applicable state securities laws; and

RESOLVED FURTHER, that the issue of shares pursuant to and in accordance with the terms of the Purchase Agreement be approved in all respects on behalf of the Company, entries be made in the Register of Members of the Company accordingly and any Authorized Person be authorized to instruct Maples Corporate Services Limited in writing in respect of the updates to the Register of Members of the Company.

2. **Reservation of Shares.**

    RESOLVED, that there are and shall from time to time be set aside from the Company's total authorized but unissued preferred shares the full number of Series C Preferred Shares issuable by the Company under the Purchase Agreement, and that there are and shall from time to time be set aside from the Company's authorized but unissued Ordinary Shares the full number of Ordinary Shares that are issuable upon the conversion of all Series C Preferred Shares that may be issued and outstanding from time to time (and as may be subsequently adjusted pursuant to the terms of the Restated Articles).

3. **Section 25102(f) Notice; Form D.**

    RESOLVED, that any Authorized Person is hereby authorized to cause a Notice of Transaction pursuant to California Corporations Code Section 25102(f) and/or, if applicable, a Form D as specified by Regulation D under the United States Securities Act of 1933, as amended, covering the Series C Preferred Shares to be issued pursuant to the Purchase Agreement and all Ordinary Shares issuable upon conversion of such Series C Preferred Shares to be prepared and executed and filed with the California Commissioner of Corporations, and, in the case of a

      Form D, with the United States Securities and Exchange Commission, all within the times prescribed by law.

4. **Blue Sky Filings.**

      RESOLVED, that any Authorized Person is hereby authorized to execute, verify and file any and all documents necessary to permit the Company to lawfully offer, sell and issue Series C Preferred Shares (and all Ordinary Shares issuable upon conversion thereof) pursuant to the Purchase Agreement in compliance with the applicable blue sky laws of any state in which such filing is necessary, including without limitation execution of a Consent to Service of Process or other similar documents.

5. **Management and Other Certificates.**

      RESOLVED, that any Authorized Person, and each of them with full authority to act without the others, are hereby authorized to execute and deliver, on behalf of themselves and/or the Company, all certificates called for by the Purchase Agreement.

6. **Amendment and Restatement of 2015 Equity Incentive Plan.**

      WHEREAS, the Company has previously adopted the 2015 Equity Incentive Plan, as amended (the "***Plan***"), under which a total of 4,278,022 Ordinary Shares were reserved for issuance; and

      WHEREAS, to permit the Company to consummate the Financing, the Board has determined it to be necessary and advisable to amend and restate the Plan in substantially the form attached hereto as Exhibit C (the "***Restated Plan***").

      NOW, THEREFORE, BE IT RESOLVED, that subject to the approval of the Company's shareholders, the Restated Plan is hereby approved together with such changes thereto as any Authorized Person may in his or her discretion approve (such approval being conclusively evidenced by such Authorized Person's execution thereof); and

      RESOLVED FURTHER, that any Authorized Person, and each of them with full authority to act without the other are hereby authorized to submit the above-approved amendment to the Plan to the shareholders of the Corporation for their approval.

7. **Contingent Increase in Board Size and Change of Directors.**

      WHEREAS, contingent and effective immediately upon the initial closing of the Financing, the Board desires to set the size of the Board at seven (7) directors;

      WHEREAS, Brad Knight has rendered his resignation as a Director from the Board; and

WHEREAS, the Board hereby accepts Mr. Knight's resignation and desires to appoint Neil Mehta as a Director to the Board.

NOW, THEREFORE, BE IT RESOLVED, that contingent and effective immediately upon the initial closing of the Financing, the authorized number of Directors of the Company shall be set at seven (7) Directors;

RESOLVED FURTHER, that contingent and effective immediately upon the date of the initial closing of the Financing, in accordance with the Board's right to appoint any person to fill a vacancy or as an additional Director pursuant to the Restated Articles, the Board hereby appoints Neil Mehta as a Director of the Board to hold office in accordance with the Restated Articles, to serve until his successor is duly elected and qualified, or until the earlier of his death, resignation or removal as the Greenoaks Designee (as defined in the Voting Agreement) designated by Greenoaks Capital Opportunities Fund, L.P. and its affiliates pursuant to the Voting Agreement and appointed as the Preferred Director pursuant to the Restated Articles.

RESOLVED FURTHER, that Maples Corporate Services Limited be authorized to update the Register of Directors and Officers of the Company accordingly and to attend to all necessary filings with the Registrar of Companies in respect of the above.

**8.      Indemnification Agreements.**

WHEREAS, it is a condition of the Financing that the Company enter into an Indemnification Agreement in substantially the form attached hereto as Exhibit D with each of the members of the Board (collectively, the "***Indemnification Agreements***"); and

WHEREAS, it is in the best interests of the Company to enter into Indemnification Agreements with current and future directors in substantially the form attached hereto as Exhibit D.

NOW, THEREFORE, BE IT RESOLVED, it is in the best interests of the Company to enter into Indemnification Agreements with current and future directors in substantially the form attached hereto as Exhibit D.

RESOLVED FURTHER, that each of the Indemnification Agreements is hereby approved, together with such changes thereto as any Authorized Person may in his or her discretion approve (such approval being conclusively evidenced by such Authorized Person's execution thereof); and

RESOLVED FURTHER, that any Authorized Person be, and each hereby is, authorized, empowered and directed to execute and deliver, in the name and on behalf of the Company, the Indemnification Agreements for each of the current and future members of the Board, and to make such changes thereto as any Authorized Person deems, with the advice of legal counsel, necessary or

advisable, and to thereafter cause the Company to perform all of its obligations and duties with respect to the Indemnification Agreements.

9.  **Ratification.**

    RESOLVED, that the Board hereby ratifies, confirms, approves and adopts all actions previously taken by any Authorized Person that are approved by the foregoing resolutions, including without limitation the negotiation and preparation of the Purchase Agreement, the Related Agreements and the Indemnification Agreements.

10. **Omnibus Resolution.**

    RESOLVED, that any Authorized Person, and each of them with full authority to act without the others, are hereby authorized to do all things necessary or desirable, in their sole discretion, to carry out the intent of the foregoing resolutions.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

This consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument. This action is effective and the resolutions herein are adopted on the date first set forth above.

_____
Michael E. Marks


_____
Paal Kibsgaard


_____
Jim Davidson


_____
Fritz Wolff

     This consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument. This action is effective and the resolutions herein are adopted on the date first set forth above.

_____
Michael Marks

_____*[signature]*_____
Paal Kibsgaard

_____
Jim Davidson

_____
Fritz Wolff

This consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument. This action is effective and the resolutions herein are adopted on the date first set forth above.

_____
Michael Marks

_____
Paal Kibsgaard

_____/s/ signature_____
James A. Davidson

_____
Fritz Wolff

This consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one and the same instrument. This action is effective and the resolutions herein are adopted on the date first set forth above.

_____
Michael E. Marks


_____
Paal Kibsgaard


_____
Jim Davidson

DocuSigned by:
[signature]
DBE51F9732E14D0...
_____
Fritz H. Wolff