February 15, 2023

**Via E-Filing**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801

   Re: ***Katerra Inc. v. Marks et al.*, C.A. No. 1:22-cv-00271-CJB**

Dear Judge Burke:

  We write on behalf of the parties in the above-captioned action in response to Your Honor's order dated February 1, 2023, requesting the parties' views as to how to most efficiently address the issues in the motions to dismiss (D.I. 50; D.I. 52; D.I. 53; D.I. 56; D.I. 60; D.I. 64; D.I. 68; D.I. 71; collectively, the "Motions").

  The parties agree that the issues presented in the Motions could be divided into two buckets, to be argued at two separate hearings: (1) jurisdictional and other threshold issues; and (2) merits issues. The parties disagree on the timing of the two oral arguments.

**I.** **Category 1:  Jurisdictional and Other Threshold Issues**

  The parties have identified the following issues that present jurisdictional or other threshold questions that are sufficiently distinct from the merits of the substantive claims to warrant a separate hearing:

- Subject Matter Jurisdiction
    - The parties dispute diversity jurisdiction, which presents a purely legal issue concerning plaintiff Katerra Inc.'s principal place of business as an inactive corporation. This issue could result in the action being dismissed in its entirety.
    - The primary briefing on this issue can be found on the following pages:[1]

---

[1] In many instances, to avoid duplication and burden on the Court, multiple defendants joined in arguments raised and briefed by defendant Marks or other defendants. To be most helpful to the Court, the parties here focus on the pages in which the issues are substantively briefed, and not pages where other defendants simply join arguments. But all defendants who raised these issues and joined these arguments continue to do so. Similarly, the parties have not included citations to the introductory, factual background, or legal standard sections of their briefs, but of course request that the Court review those sections as well.

- - - Defendant Marks (D.I. 51 at 6-8; D.I. 94 at 1-2)
    - Plaintiff (D.I. 87 at 9-11)
- Personal Jurisdiction
  - Defendants raising issues related to Katerra Inc.'s Cayman Islands parent company
    - The primary briefing is as follows:
    - Whether there is personal jurisdiction over Defendants Hoopes, Fisher, Mehta, Picard, Hui, Chen, and Yeung.
      - Defendants Fisher, Mehta (D.I. 54 at 7-13; D.I. 103 at 2-9)
      - Defendants Hui, Chen, Yeung (D.I. 58 at 5-7; D.I. 100 at 2-11)
      - Defendant Hoopes (D.I. 61 at 5-6; D.I. 95 at 2-7)
      - Defendant Picard (D.I. 66 at 7-8; D.I. 99 at 2)
      - Plaintiff (D.I. 87 at 11-17)
    - Whether there is personal jurisdiction over Defendant Marks as to certain claims
      - Defendant Marks (D.I. 51 at 30; D.I. 94 at 25)
      - Plaintiff (D.I. 87 at 11-17, 63-71)
    - Whether there is personal jurisdiction over Defendant Kibsgaard
      - Defendant Kibsgaard (D.I. 72 at 8-9; D.I. 101 at 2)
      - Plaintiff (D.I. 87 at 11-17, 63-71)
    - Whether there is personal jurisdiction over Defendant Shivram
      - Defendant Shivram (D.I. 69 at 4-5; D.I. 102 at 1-4)
      - Plaintiff (D.I. 87 at 11-17)
  - Other Defendants
    - Whether there is personal jurisdiction over Defendant Schick
      - Defendant Schick (D.I. 61 at 14; D.I. 95 at 14)
      - Plaintiff (D.I. 87 at 17-18)
- Other Threshold Issue
  - Whether claims against Defendants Marsh and Schick must be arbitrated
    - Defendants Marsh and Schick (D.I. 61 at 10-11, 15; D.I. 95 at 9-11, 14)
    - Plaintiff (D.I. 87 at 71-73)

The Honorable Christopher J. Burke
February 15, 2023
Page 3

## II.  Category 2:  Merits Issues

The parties believe the remaining merits issues can be organized into several major subcategories.  Even within a given subcategory, however, the merits issues vary across the Defendants, and any remaining claims must be separately evaluated against each Defendant.  A high-level outline of issues in Category 2 is attached as an Appendix.

## III.  Timing of Oral Arguments

### A. Defendants' Position

Defendants propose that the Court decide the jurisdictional and threshold issues first before reaching and holding a hearing on the merits issues in Category 2, if necessary.[2] Defendants believe that the jurisdictional and threshold issues will either dispose of the case entirely or at least result in the dismissal of multiple defendants from the case and dismissal of certain claims against other defendants—at minimum substantially narrowing the merits issues remaining for resolution. While Plaintiff disagrees, it is undisputed that the Court's rulings on the jurisdictional and threshold issues have the *potential* to obviate or substantially narrow the merits issues.

Accordingly, Defendants believe the Court and the parties would benefit from either forgoing an unnecessary argument or holding a more focused argument if the Court sets argument on Category 2 after ruling on Category 1. Defendants invite the Court to set argument on Category 1 at the Court's convenience, and Defendants would be prepared to argue any remaining issues in Category 2 promptly after the Court rules on Category 1. Defendants expect to be efficient in their argument time and to divide amongst themselves primary responsibility for any overlapping issues to the extent possible,[3] and Defendants will divide whatever argument time the Court deems appropriate.  Defendants would be happy to submit to the Court an outline of whatever merits issues remain after the Court rules on Category 1 ahead of the hearing on Category 2, if helpful.

---

[2] *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("[W]hen there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.").

[3] There are important differences among the Defendants, necessitating separate argument. Many Defendants served only at certain times, different Defendants were involved in different issues in different ways, and some issues do not involve certain Defendants at all.  *In re Cornerstone Therapeutics Inc., S'holder Litig.*, 115 A.3d 1173, 1182 (Del. 2015) ("[E]ach director has a right to be considered individually when the directors face claims for damages in a suit challenging board action."); *Raj & Sonal Abhyanker Fam. Tr. v. Blake*, 2021 WL 2477025, at *4 (Del. Ch. June 17, 2021) (same for officers).

The Honorable Christopher J. Burke
February 15, 2023
Page 4

### B. Plaintiff' Position

Plaintiff agrees that, in light of the "number of motions, issues and pages of briefing," the two-bucket approach will aid efficiency on the part of the Court. However, the parties do not agree on when argument on the second bucket (merits-based issues) should take place following argument on the first bucket. As set forth below, Plaintiff desires argument on the two buckets to be held close in time (even back-to-back days) and believes such an approach provides the most efficiency for the Court (and its clerks) and the parties.

This action was commenced on February 28, 2022 – nearly one year ago. The claims surrounding the downfall of Katerra Inc. and Plaintiff's arguments in support of this Court's ability to exercise jurisdiction over the defendants, are meritorious. It is of no surprise that Defendants filed motions to dismiss and say that they believe their motions could lead to the dismissal of this action, including on the first bucket alone. While Plaintiff acknowledges the argument on the motions cannot take place in one day and consequently some accommodation needs to be made on the timing of argument, Plaintiff respectfully opposes a process that could conceivably result in the motions to dismiss not being fully decided for several years. It is not uncommon for decisions on complex dispositive motions in this Court to take many months, and, more likely over a year. If the Court were to wait until a decision was made on the first bucket to then schedule and hold argument on the second bucket, it is likely that the parties will not have a ruling on the motions to dismiss for at least 3 or more years from argument on the first bucket – 4 or more years after the complaint was filed.

As a result, Plaintiff proposes that the arguments on the two buckets occur close in time (days or a couple of weeks of one another). This approach will result in greater efficiency for the Court as it need only prepare once to achieve the understanding of the issues and factual background of the case necessary to rule on both buckets. The first bucket itself involves facts underlying the merits of the case. The efficiencies achieved in a closely timed argument schedule for the two buckets also help the parties prepare for the arguments. The law firms involved in this case are very capable of handling close-in-time arguments. Finally, Katerra's wasting D&O insurance policies also favor the lower costs associated with a close in time argument schedule.

The parties are available at the convenience of the Court to address any questions.

Sincerely,

FOX ROTHSCHILD LLP

/s/ *Sidney Liebesman*

Sidney Liebesman

The Honorable Christopher J. Burke
February 15, 2023
Page 5

        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation

        */s/ Brad D. Sorrels*

        Brad D. Sorrels


        BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

        */s/ Gregory J. Phillips*

        Gregory J. Phillips


        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ D. McKinley Measley*

        D. McKinley Measley


        MORRIS JAMES LLP

        */s/ Tyler O'Connell*

        Tyler O'Connell


        SHAW KELLER LLP

        */s/ John Shaw*

        John Shaw

The Honorable Christopher J. Burke
February 15, 2023
Page 6

                                                         MILBANK LLP

                                                         /s/ *Alan Stone*

                                                         Alan Stone

cc:      Counsel of Record (via E-File)

**Appendix**

**Outline of Merits Issues in Category 2, by Subcategory**

- **Breach of Fiduciary Duty and Waste (Count I & III)**
    - <u>Exculpation of Duty of Care against Directors</u>
        - Marks (D.I. 51 at 10; D.I. 94 at 11-14)
        - Picard (D.I. 66 at 9-10; D.I. 99 at 4-6, 8-9)
        - Kibsgaard (D.I. 72 at 13; D.I. 101 at 5)
        - Hui, Chen, Yeung (D.I. 58 at 8-12; D.I. 100 at 14-16)
        - Plaintiff (D.I. 87 at 24-27)
    - <u>Oversight Claims against Directors and Officers (including Time Bar)</u>[4]
        - Operations / Expenditures
            - Marks (D.I. 51 at 10-13; D.I. 94 at 14-16)
            - Hoopes, Marsh, Schick, Tachouet (D.I. 61 at 7-8, 12, 15, 19-20; D.I. 95 at 8, 11-12, 15, 19)
            - Picard (D.I. 66 at 12-15; D.I. 99 at 6-8)
            - Kibsgaard (D.I. 72 at 14-17; D.I. 101 at 8-9)
            - Hui, Chen, Yeung (D.I. 58 at 13, 16-21, 21-22, 24-26, 27-29; D.I. 100 at 23-29)
            - Solomon (D.I. 97 at 4)
            - Shivram (D.I. 69 at 6-7; D.I. 102 at 4, 6)
            - Plaintiff (D.I. 87 at 36-49, 80-87)
        - Accounting
            - Marks (D.I. 51 at 13-17; D.I. 94 at 16-19)
            - Hoopes, Marsh, Schick, Tachouet (D.I. 61 at 7-8, 12, 15-16, 20; D.I. 95 at 8, 11-13, 15, 19)
            - Picard (D.I. 66 at 12-15; D.I. 99 at 6-8)

---

[4] Pursuant to D. Del. LR 7.1.2(b), the parties wish to call the Court's attention to the following recent authority: *In re McDonald's Corporation Stockholder Derivative Litigation*, -- A.3d --, 2023 WL 387292 (Del. Ch. Jan. 26, 2023) (holding that *Caremark*-type claims may be stated against officers for oversight failures, but only as breach of the duty of loyalty under a bad faith standard, not as breach of the duty of care under a gross negligence standard).

- - - Solomon (D.I. 97 at 2-5)
    - Hui, Chen, Yeung (D.I. 58 at 16-21, 24-26, 27-29; D.I. 100 at 23-29)
    - Plaintiff (D.I. 87 at 36-49, 50-54, 80-87)
  - Claims regarding Acquisitions (including Time Bar)
    - Marks (D.I. 51 at 17-19; D.I. 94 at 19-21)
    - Picard (D.I. 66 at 11-12, 15-16; D.I. 99 at 8-9)
    - Hui, Chen, Yeung (D.I. 58 at 13-16, 21-24, 26-27; D.I. 100 at 17-22)
    - Plaintiff (D.I. 87 at 46-50, 80-87)
  - Claims regarding Compensation and Perks (including Time Bar)
    - Marks (D.I. 51 at 20-21; D.I. 94 at 9-11)
    - Hoopes, Marsh, Schick (D.I. 61 at 7, 13-14, 16; D.I. 95 at 7-8, 15-16)
    - Solomon (D.I. 55 at 15-16; D.I. 97 at 6-7)
    - Plaintiff (D.I. 87 at 33-36, 49-50, 72-73, 80-87)
  - Claims regarding Related-Party Transactions (including Time Bar)
    - Marks (D.I. 51 at 21-24; D.I. 94 at 2-9)
    - Schick (D.I. 61 at 16-17; D.I. 95 at 16)
    - Solomon (D.I. 55 at 14, 17-18; D.I. 97 at 9)
    - Hui, Chen, Yeung (D.I. 58 at 14-16, 21-24, 26-27; D.I. 100 at 17-22)
    - Plaintiff (D.I. 87 at 28-36, 80-87)
  - Claims regarding the Greensill Receivables Facility
    - Marks (D.I. 51 at 24-25; D.I. 94 at 21-23)
    - Marsh, Schick, Tachouet (D.I. 61 at 13, 17, 19-20; D.I. 95 at 11, 16, 19)
    - Chen, Yeung (D.I. 58 at 23-24, 27; D.I. 100 at 23-29)
    - Picard (D.I. 66 at 11-12)
    - Plaintiff (D.I. 87 at 28-36, 46-47, 80-87)
  - Claims of Officer Misfeasance (including Time Bar)
    - Operations / Expenditures
      - Marsh, Schick, Tachouet (D.I. 61 at 11-13, 15, 19-20; D.I. 95 at 11-12, 15, 19)
      - Solomon (D.I. 55 at 8-10, 16-18; D.I. 97 at 7-8)

- - - 
      - Kibsgaard (D.I. 72 at 18-19)
      - Plaintiff (D.I. 87 at 27-45, 80-87)
    - Accounting
      - Marks (D.I. 51 at 16-17; D.I. 94 at 18-19)
      - Marsh, Schick, Tachouet (D.I. 61 at 11-13, 15-16, 20; D.I. 95 at 11-13, 15, 19)
      - Kibsgaard (D.I. 72 at 17-19)
      - Solomon (D.I. 55 at 10-13; D.I. 97 at 5-6)
      - Plaintiff (D.I. 87 at 50-54, 80-87)
  - Whether Plaintiff has plausibly alleged that directors of Katerra Caymans owed fiduciary duties to Katerra, Inc.
    - Defendant Marks (D.I. 51 at 30 n.8; D.I. 94 at 25 n.12)
- **Breach of Duty to Creditors (Insolvency) (Count II)**
  - Marks (D.I. 51 at 26-28; D.I. 94 at 23-24)
  - Hui, Chen, Yeung (D.I. 58 at 29; D.I. 100 at 29)
  - Shivram (D.I. 69 at 6; D.I. 102 at 5-6)
  - Solomon (D.I. 55 at 18; D.I. 97 at 2)
  - Picard (D.I. 66 at 15; D.I. 99 at 9)
  - Plaintiff (D.I. 87 at 54-62)
- **Unjust Enrichment (Count IV)**
  - Marks (D.I. 51 at 28; D.I. 94 at 24-25)
  - Picard (D.I. 66 at 16; D.I. 99 at 9)
  - Hui, Chen, Yeung (D.I. 58 at 30; D.I. 100 at 29-30)
  - Shivram (D.I. 69 at 7; D.I. 102 at 6)
  - Solomon (D.I. 55 at 18-20; D.I. 97 at 9-10)
  - Plaintiff (D.I. 87 at 73-79)
- **Aiding and Abetting (Count V)**
  - Marks (D.I. 51 at 28-30; D.I. 94 at 25)
  - Hoopes, Schick (D.I. 95 at 8-9, 16)
  - Kibsgaard (D.I. 101 at 10)
  - Shivram (D.I. 69 at 7; D.I. 102 at 6-7)

- o Fisher, Mehta (D.I. 54 at 16; D.I. 103 at 10)
- o Defendants Hui, Chen, Yeung (D.I. 58 at 30; D.I. 100 at 30)
- o Picard (D.I. 66 at 16-17; D.I. 99 at 10)
- o Plaintiff (D.I. 87 at 63-71)

- **Defendant-Specific Issues**
    - o Group Pleading
        - Hoopes, Marsh, Schick, Tachouet (D.I. 61 at 4-5, 7, 13, 15, 17, 20; D.I. 95 at 1-2)
        - Picard (D.I. 66 at 10; D.I. 99 at 2-3)
        - Shivram (D.I. 69 at 5-6; D.I. 102 at 4)
        - Kibsgaard (D.I. 72 at 13; D.I. 101 at 3-5)
        - Fisher, Mehta (D.I. 54 at 14-15; D.I. 103 at 9)
        - Hui, Chen, Yeung (D.I. 58 at 9, 13-14, 22-23, 27; D.I. 100 at 12-14, 16-18, 23-24)
        - Plaintiff (D.I. 87 at 18-21)
    - o iFly
        - Marks (D.I. 51 at 26; D.I. 94 at 23 n.11)
        - Marsh (D.I. 61 at 13)
        - Plaintiff (no response)
    - o Schick's Release
        - Schick (D. I. 61 at 17-18; D.I. 95 at 16-17)
        - Plaintiff (D.I. 87 at 79-80)
    - o Whether Defendant Shivram owed fiduciary duties to Katerra, Inc. as an officer of Katerra Caymans
        - Defendant Shivram (D.I. 69 at 6; D.I. 102 at 4)
    - o Whether Defendant Tachouet owed fiduciary duties as controller
        - Defendant Tachouet (D.I. 61 at 19; D.I. 95 at 17-18)
        - Plaintiff (D.I. 87 at 48-49)